Matter of Republic of Haiti v Preble Rish Haiti SA (2022 NY Slip Op 02377)

Matter of Republic of Haiti v Preble Rish Haiti SA

2022 NY Slip Op 02377

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 657237/20 Appeal No. 15716 Case No. 2021-03977 

[*1]In the Matter of Republic of Haiti, et al., Petitioners-Appellants,
v
Preble Rish Haiti SA, Defendant-Respondent.

Harris Bricken Sliwoski LLP, New York (John B. McDonald of counsel), for appellants.
Blank Rome, LLP, New York (William R. Bennett, III of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered October 7, 2021, which denied the petition to stay arbitration and granted respondent's motion to compel arbitration, unanimously affirmed, with costs.
Petitioner failed to demonstrate that the arbitration clause contained in the parties' contracts, which were drafted by petitioner, is invalid under Haitian law. The Haitian Code of Civil Procedure recognizes that international arbitration in matters that involve international trade supersedes the general prohibition against government agencies participating in arbitration (see Articles 956, 971, and 973). Here, contrary to petitioner's claim, the contracts for the purchase and transport of fuel from abroad into Haiti clearly involves international trade. Among other things, the contracts contain terminology relating to international trade, require payment in US dollars to a US bank, and explicitly acknowledge the laws and regulations of other territories. Accordingly, the agreed-upon arbitration clause is not in violation of Haitian law and was properly enforced.
We need not reach petitioner's remaining arguments in light of our determination, and, in any event, find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022